IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:03-cr-52-MP-GRJ

EARL JEFFERY BARBER,
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 105, Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the motion, Defendant's exhibits, and the record of the prior proceedings, it plainly appears that Defendant is not entitled to relief because the motion is time-barred under 28 U.S.C. § 2255(f). Accordingly, the undersigned concludes that the Government should not be required to file a response and recommends that the motion be dismissed. *See* Rule 4, Rules Governing Section 2255 Proceedings.

## Background

A jury convicted Defendant of one count of being a felon in possession of firearms in violation of 18 U.S.C §§ 922(g)(1) and 924(e)(1), and one count of receiving, possessing, and concealing stolen firearms in violation of 18 U.S.C §§ 922(j) and 924(a)(2). The Court sentenced Defendant to concurrent sentences of 327 months (Count 1) and 120 months (Count 2). Judgment was entered on June 8, 2004. Defendant appealed on the grounds that the Court erred in denying a motion to suppress a photographic lineup and in applying an obstruction of justice enhancement to his sentence. Defendant also argued, for the first time on appeal, that the Court violated his Sixth Amendment rights by applying the obstruction of justice enhancement

based on facts that were neither charged in the indictment nor proven to a jury. The Eleventh Circuit rejected these arguments and affirmed Defendant's convictions and sentences on May 9, 2005. Doc. 101. The Supreme Court denied certiorari on November 14, 2005. Doc. 102.

Defendant placed his motion to vacate in the prison mailing system on October 30, 2012. Doc. 105. Defendant asserts four grounds for relief: (1) 18 U.S.C § 922(g)(1) is unconstitutional on its face and as applied to Defendant, and his appellate counsel was ineffective for failing to raise the issue on appeal; (2) the Court lacked jurisdiction to impose sentence pursuant to the Sentencing Reform Act of 1984, because the Act and the Comprehensive Crime Control Act of 1984 are unconstitutional, and his trial and appellate counsel were ineffective for failing to investigate or challenge the constitutionality of Defendant's charges; (3) the Government and the USPO relied on non-Sheppard[1] approved documents to enhance his sentence, and counsel were ineffective for failing to raise this issue; and (4) his offense did not involve any nexus with interstate commerce, and counsel were ineffective for failing to raise the issue.

## One-Year Limitation Period

Section 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[1]*Sheppard v. United States*, 544 U.S. 13 (2005).

28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section." *Id*. at § 2255(f). The one-year limitations period runs from the latest of:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Further, "in the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, equitable tolling is an extraordinary remedy that is applied sparingly. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida* ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (§ 2254 case) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005) (emphasis deleted)). The petitioner bears the burden of establishing entitlement to extraordinary remedy of equitable tolling. *Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir.2004) (§ 2254 case).

## **Discussion**

The instant motion to vacate was filed almost seven years after the conclusion of direct review, and Defendant concedes that it is untimely. Doc. 105 at 13. Defendant contends that he is entitled to equitable tolling of the limitations period because his appellate counsel, Robert Harper, told him "within days of the Eleventh Circuit denying my [a]ppeal," that he had no grounds for collaterally attacking his convictions and sentence under § 2255. Defendant contends that Mr. Harper "provided affirmative misadvice" regarding his options for habeas corpus review. Defendant avers that he recently learned from a fellow inmate that the Eleventh Circuit had removed Mr. Harper from that inmate's case and appointed replacement counsel. *Id*. at 14.

In arguing for the application of equitable tolling, Defendant focuses on counsel's advice regarding the potential merits of a collateral attack. Defendant does not, however, allege any facts suggesting that he acted diligently to pursue his collateral claims. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 130 S.Ct. at 2565 (internal quotations and citations omitted); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). In this case, the allegations of Defendant's motion do not reflect the exercise of *any* diligence between the affirmance of his conviction and the filing of the instant motion seven years later. *C.f.*, *Holland*, 130 S.Ct. at 2565 (rejecting district court's reliance on lack of diligence in denying equitable tolling where petitioner wrote numerous letters to attorney, contacted state courts to have counsel removed from case, and prepared and promptly filed a habeas petition immediately upon learning that the limitations period had expired). The failure to exercise any diligence in mounting a collateral attack on

his conviction for seven years precludes the application of an equitable remedy. *Chavez v. Secretary Florida Dept. of Corrections,* 647 F.3d 1057, 1072 -73 (11th Cir. 2011) (§ 2254 case) (delay of 203 days after conclusion of state proceedings before seeking relief in federal court did not amount to diligence meriting equitable tolling) (citing *Pace*, 544 U.S. at 419) ("not only did petitioner sit on his rights for years before he filed his [state post-conviction] petition, but he also sat on them for five more months after his [state post-conviction] proceedings became final before deciding to seek relief in federal court").

The instant motion also fails to establish the existence of extraordinary circumstances meriting equitable tolling. The Eleventh Circuit has explained that "[a]s for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in *Holland*, we too have required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *San Martin,* 633 F.3d at 1267 (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir.2005)). In this case, the "extraordinary circumstance" relied on by Defendant is counsel's advice regarding the potential merits of a collateral attack, rendered immediately after his conviction was affirmed.

Initially, assuming Mr. Harper did advise Defendant that he had no grounds for a collateral attack, the allegations of the motion do not establish that such advice was erroneous. Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury *that could not have been raised in*

*direct appeal* and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (emphasis added) (citations omitted). To the extent that Defendant seeks relief on the four grounds raised in the motion independent of any claim of ineffective assistance of counsel, such grounds could have been raised on direct appeal and are not proper grounds for collateral attack.

Second, Defendant has alleged no causal connection between counsel's opinion on the merits of a collateral attack and Defendant's subsequent seven-year delay in filing the motion. See *San Martin,* 633 F.3d at 1267. It is not "extraordinary" for an attorney to advise a client that in his view there are not meritorious grounds for collateral attack. This is not a case where Defendant expected Mr. Harper to take further action to seek collateral relief, and inaction on *counsel's* part resulted in an untimely filing. *See Chavez*, 647 F.3d at 1071. Even in cases where the alleged "extraordinary circumstance" is an attorney's inaction, such inaction ordinarily must amount to serious attorney misconduct to warrant equitable tolling. *Id*. ("None of the three allegations in the habeas petition about what [counsel] did and failed to do comes close to the serious attorney misconduct that was present in *Holland*."). The advice that Mr. Harper gave Defendant in this case – even if it was debatable – did not stand in Defendant's way and prevent him from filing a motion to vacate for seven years. *See Holland,* 130 S.Ct. at 2562 .

In sum, the allegations of the motion to vacate do not establish Defendant's entitlement to the extraordinary remedy of equitable tolling, under either of the *Holland* prongs.

## **Certificate of Appealability**

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to vacate, Doc. 105, be **DISMISSED AS UNTIMELY**, and that a COA be **DENIED.**

**IN CHAMBERS** this 7th day of February 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**